(Hamilton County Common Pleas.)

## MILLER v. SCHMIDT.

In forcible entry and detainer cases, parties have the right to demand a trial by jury at any time before trial, as in civil actions generally—Sec. 6607 construed.

(Decided 1895.)

BUCHWALTER, J.

The plaintiff in error, Miller, was summoned May 11, 1894, by the Constable on a summons returnable May 15, 1894, and naming therein 9 o'clock a. m., May 15, 1894, as the appearance day and hour.

On appearance day the cause was continued until May 16, at 1 o'clock p. m., when the parties appeared in court, and Miller demanded trial by jury, which the justice refused; thereupon the justice proceeded to hear the case without a jury, and gave judgment of restitution of the premises in favor of Louisa Schmidt and against Miller, to all of which Miller excepted, and presents his complaint by a bill of exceptions.

Section 6607 provides that "if the suit be not continued, place of trial changed, or neither party demand a jury upon the return day of the summons, the Justice shall try the cause." * * * This section is found under Chap. 9, under title, "Forcible entry and detainer."

Section 6608 provides "If a jury be demanded by either party, the proceedings until the impanneling thereof shall be in all respects as in other cases." * * *

Section 6547, Chap. 6, "Trial and its incidents," provides: "In all civil actions after the appearance of the defendant, and before the court shall proceed to inquire into the merits of the cause, either party may demand a jury to try the action." * * *

It was held in 39 Ohio St., 534, Bonham v. Mills, that the demand for a jury made on the appearance day, (to-wit, April 9, 1879,) although one day subsequent to the return day, (to-wit, April 8, 1879,) was good, and in the opinion by the court it is stated that the opinion of Doyle, J., in Hill v. Hollister, 5 W. L. Bull., 757, (Lucas Common Pleas Court,) "is in accordance with this view (Judge Doyle being a member of the Supreme Court announcing the opinion as above.)

It will be observed that the case at bar does not come within the statement of facts set forth in Bonham v. Mills, but it is fully within the facts in Hill v. Hollister. In that case the cause was twice continued for trial, and on the final trial day the defendant demanded a jury, but was refused, which judgment of the justice was reversed for this error. The history of legislation in this state in forcible entry and detainer is therein fully set out, which need not here be repeated, but from it all the inference is made, that section 6607, construed with 6608 and 6547, does not in forcible entry and detainer limit the right of a trial by jury to demand on either return or appearance day; that the legislature did not mean to confer jurisdiction on the justice to try such cases if a jury was demanded any time before trial. as in civil actions generally, and did not intend to discriminate against this class of cases as to the right of trial by jury.

I know of no other reported ruling in construction of section 6607, nor of any local ruling in our practice in these courts, and, therefore, deem it proper to conform to the construction adopted in Hill v. Hollister, 5 Bull., 757.

Shay & Cogan, attorneys for plaintiff.